# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MC ROBOTICS LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> ECOVACS ROBOTICS, INC., <br><br> *Defendant*. | Case No. 2:17-CV-0136-JRG-RSP <br><br> **Jury Trial Demanded** |

### DEFENDANT ECOVACS ROBOTICS, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO MC ROBOTICS LLC's COMPLAINT FOR PATENT INFRINGEMENT

Defendant Ecovacs Robotics, Inc. ("Ecovacs") by and through the undersigned attorneys, for its Answer, Affirmative Defenses, and Counterclaims to the Complaint for Patent Infringement filed on February 16, 2017 ("Complaint") by Plaintiff MC Robotics LLC ("MCR"), admits and denies as follows. Except as hereinafter specifically admitted, qualified, or affirmatively alleged, Ecovacs denies each and every allegation, matter, or thing contained in the Complaint and states in response to each of the numbered paragraphs of said Complaint as follows:

### THE PARTIES

1. Ecovacs is without information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and on that basis denies them.

2. Ecovacs admits that it is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 220 Market Ave. S., Suite 1120, Canton, OH 44702. Ecovacs admits that it may be served via its registered agent: Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808. Except as expressly admitted, Ecovacs denies each and every allegation in Paragraph 2.

## JURISDICTION AND VENUE

3. Ecovacs admits that MCR's Complaint purports to make claims arising under the patent laws of the United States, Title 35 of the United States Code. Ecovacs admits, for the purposes of this action only, that this Court has subject matter jurisdiction over MCR's claims made pursuant to 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted, Ecovacs denies each and every allegation in Paragraph 3, and specifically denies that it has committed or is committing any act of patent infringement.

4. Ecovacs lacks sufficient information to admit or deny the allegations in Paragraph 4, and on that basis denies that venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391(c) and 1400(b). Ecovacs further expressly reserves the right to contest whether the Eastern District of Texas is a convenient forum under, among others, the doctrine of *forum non conveniens* even if it is shown that venue is proper in this district. Except as expressly admitted, Ecovacs denies each and every allegation set forth in Paragraph 4, and specifically denies that it has committed and/or induced acts of patent infringement in this district.

5. Ecovacs lacks sufficient information to admit or deny the allegations in Paragraph 5, and on that basis denies that this Court has specific personal jurisdiction over Ecovacs. Except as expressly admitted, Ecovacs denies each and every allegation in Paragraph 5, and specifically denies that it has committed or is committing any act of patent infringement.

## COUNT I
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,650,975

6. Ecovacs admits that what purports to be a copy of U.S. Patent No. 6,650,975 ("the '975 Patent") was attached to the Complaint as Exhibit A. Except as expressly admitted, Ecovacs is without information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6, and on that basis denies them.

7. Ecovacs is without information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and on that basis denies them.

8. Ecovacs denies each and every allegation set forth in Paragraph 8.

9. Ecovacs is without information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and on that basis denies them.

10. Ecovacs admits that it directly or through intermediaries, sells, or offers for sale the Deebot M88 Vacuum shown in Exhibit B. Except as expressly admitted, Ecovacs denies the remaining allegations of Paragraph 10, and specifically denies that it has committed or is committing any act of patent infringement.

11. Ecovacs denies each and every allegation set forth in Paragraph 11, and specifically denies that it has committed or is committing any act of patent infringement.

12. Ecovacs denies each and every allegation set forth in Paragraph 12, and specifically denies that it has committed or is committing any act of patent infringement.

13. Ecovacs denies each and every allegation set forth in Paragraph 13, and specifically denies that it has committed or is committing any act of patent infringement.

14. Ecovacs denies each and every allegation set forth in Paragraph 14, and specifically denies that it has committed or is committing any act of patent infringement.

15. Ecovacs denies each and every allegation set forth in Paragraph 15, and specifically denies that it has committed or is committing any act of patent infringement.

16. Ecovacs denies each and every allegation set forth in Paragraph 16, and specifically denies that it has committed or is committing any act of patent infringement.

17. Ecovacs denies each and every allegation set forth in Paragraph 17, and specifically denies that it has committed or is committing any act of patent infringement.

## PRAYER FOR RELIEF

18. To the extent a response is required, Ecovacs denies that MCR is entitled to any of its requested relief. Ecovacs specifically denies that MCR is entitled to a judgment that Ecovacs has infringed the '975 Patent; specifically denies Ecovacs infringed or is infringing U.S. Patent No. 6,650,975; specifically denies that MCR is entitled to injunctive or other equitable relief; specifically denies that MCR is entitled to any award of damages under 35 U.S.C. § 284 or

under any other law; and specifically denies that MCR is entitled to costs, expenses, prejudgment or post-judgment interest, treble damages, a post-judgment accounting, or any other relief, at law or equity, in this action.

## JURY DEMAND

19. To the extent a response is required, Ecovacs admits that MCR's Complaint contains a request for a jury trial of any issues so triable by right.

## GENERAL DENIAL

20. To the extent that any allegations of the Complaint are not specifically admitted, Ecovacs hereby denies them.

## AFFIRMATIVE DEFENSES

21. Without admitting or acknowledging that Ecovacs bears the burden of proof as to any of them and reserving the right to amend its answer as additional information becomes available, Ecovacs pleads the following defenses:

### FIRST DEFENSE

22. Ecovacs has not engaged in any acts that would constitute direct or indirect infringement of any valid claim of the '975 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

### SECOND DEFENSE

23. The '975 Patent is invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, including at least Sections 101, 102, 103, 111, 112, 115, 116, 119, 132, 251, 256, and/or 282.

### THIRD DEFENSE

24. MCR is barred or limited from recovery in whole or in part by the doctrine of prosecution history estoppel.

## FOURTH DEFENSE

25. MCR is barred or limited from recovery in whole or in part by the doctrines of estoppel, waiver, acquiescence, patent misuse, and/or unclean hands.

## FIFTH DEFENSE

26. MCR's right to seek damages is limited by statute because it may not recover money damages for any alleged infringement committed more than six years prior to the filing of its Complaint under 35 U.S.C. § 286.

## SIXTH DEFENSE

27. MCR is not entitled to an injunction because MCR is not likely to prevail on the merits, has not suffered and will not suffer irreparable harm because of Ecovacs' conduct, and has an adequate remedy at law.

## SEVENTH DEFENSE

28. MCR's claims for relief are limited to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to Ecovacs or are imported, sold by, offered for sale by, made by, or made for, any entity or entities having express or implied licenses to one or more of the '975 Patent, and/or under the doctrines of exhaustion, first sale, or full compensation.

## EIGHTH DEFENSE

29. To the extent that MCR's claims are directed to acts occurring outside the United States, those claims for relief are barred or limited by the doctrine of territoriality by 35 U.S.C. § 271 et seq., including but not limited to § 271(a) and (c).

## NINTH DEFENSE

30. MCR is not entitled to recover attorneys' fees associated with this action under 35 U.S.C. § 285 or costs associated with this action under 35 U.S.C. § 288.

## TENTH DEFENSE

31. MCR has failed to state a claim upon which relief can be granted.

DOCS 125044-000001/2876538.2

ELEVENTH DEFENSE

32. MCR is barred in whole or in part from recovering damages by a failure by the owner and/or licensee of the '975 Patent to mark relevant products as required by 35 U.S.C. § 287.

**RESERVATION OF ADDITIONAL DEFENSES**

33. Ecovacs reserves the right to assert additional defenses that may be developed through discovery in this action.

**COUNTERCLAIMS FOR DECLARATORY JUDGMENT**

34. Without admitting any of the allegations of the Complaint other than those expressly admitted herein, and without prejudice to Ecovacs' right to plead additional counterclaims as additional information becomes available, Counterclaim-Plaintiff Ecovacs alleges as follows against Counterclaim-Defendant MCR:

**BACKGROUND**

35. According to the allegations set forth in its Complaint, MCR claims to be the assignee and owner of the '975 Patent. *See* ECF No. 1 at ¶ 6.

36. MCR has accused Ecovacs of infringing the '975 Patent. Ecovacs denies that any of its products infringe any valid or enforceable claim in the '975 Patent.

37. An actual case and controversy exists between Ecovacs and MCR concerning the alleged infringement of one or more claims of the '975 Patent, and that controversy is ripe for adjudication by this Court.

**THE PARTIES**

38. Counterclaim-Plaintiff Ecovacs is a corporation organized under the laws of the state of Delaware with its principal place of business at 220 Market Ave. S., Suite 1120, Canton, OH 44702.

39. On information and belief, Counterclaim-Defendant MCR alleges it is a limited

liability company having a principal place of business located at 5068 W. Plano Parkway, Ste. 300, Plano, Texas 75093. *See* ECF No. 1 at ¶ 1.

## JURISDICTION AND VENUE

40. This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331 and 1338(a). These Counterclaims arise under the patent laws of the United States.

41. This Court has personal jurisdiction over MCR, at least because by initiating this lawsuit, MCR has submitted to the jurisdiction of this District.

42. Venue for these Counterclaims is proper in this District under 28 U.S.C. §§ 1391 and 1400.

## COUNTERCLAIM 1
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '975 PATENT)

43. Ecovacs incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

44. An actual controversy exists between Ecovacs and MCR as to whether Ecovacs infringes the '975 Patent, as MCR contends, or does not do so, as Ecovacs contends.

45. Ecovacs has been damaged by MCR's filing of a lawsuit against Ecovacs based on a patent that Ecovacs does not infringe.

46. By this Counterclaim, Ecovacs seeks a declaration that it has not infringed and does not infringe any valid and enforceable claim of the '975 Patent either directly or indirectly, literally or under the doctrine of equivalents, or willfully, and is entitled to a declaration to that effect.

47. A judicial declaration is necessary and appropriate at this time such that Ecovacs may ascertain its rights and duties with respect to the '975 Patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products.

48. This is an exceptional case entitling Ecovacs to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNTERCLAIM 2
## (DECLARATORY JUDGMENT OF INVALIDITY OF THE '975 PATENT)

49. Ecovacs incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

50. An actual controversy exists between Ecovacs and MCR as to whether the '975 Patent is valid, as MCR contends, or is invalid for failure to comply with the requirements of patentability of the Patent Laws of the United States, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112, 115, 116, 119, 132, 251, 256, and/or 282, as Ecovacs contends.

51. By this Counterclaim, Ecovacs seeks a declaration that the claims of the '975 Patent are invalid. A judicial declaration is necessary and appropriate at this time such that Ecovacs may ascertain its rights and duties with respect to the '975 Patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products.

52. This is an exceptional case entitling Ecovacs to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## ECOVACS' DEMAND FOR JURY TRIAL

53. Ecovacs hereby demands a jury trial on all issues so triable.

## ECOVACS' PRAYER FOR RELIEF

WHEREFORE, Ecovacs prays for judgment as follows:

A. For dismissal of MCR's Complaint with prejudice, and that MCR shall take nothing against Ecovacs by the Complaint;

B. For a judgment and declaration that the '975 Patent, and each and every claim thereof, are not infringed by Ecovacs;

C. For a judgment and declaration that the '975 Patent, and each and every claim thereof, are invalid;

D. For a judgment, pursuant to 35 U.S.C. § 285, that MCR's conduct renders this case exceptional and that Ecovacs be awarded its attorneys' fees and costs;

E. For Ecovacs' costs of suit incurred herein; and

F. For such other and further relief as the Court deems just and proper.

DATED: April 28, 2017

Respectfully submitted,

**SIEBMAN, BURG, PHILLIPS & SMITH, LLP**

/s/ Stephanie Barnes
Stephanie R. Barnes
Texas State Bar No. 24045696
4949 Hedgcoxe Rd., Suite 230
Plano, Texas 75024
Tel: 214-387-9100
Fax: 214-387-9125
stephaniebarnes@siebman.com

Anthony J. Dain
anthony.dain@procopio.com
Victor M. Felix
victor.felix@procopio.com
**PROCOPIO, CORY, HARGREAVES & SAVITCH LLP**
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: (619) 238-1900

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 28th day of April, 2017, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3). Any other counsel of record will be served by a facsimile transmission, electronic mail, and/or first class mail.

    /s/ Stephanie R. Barnes
Stephanie R. Barnes
SIEBMAN, BURG, PHILLIPS
& SMITH, LLP